United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CP PRODUCTIONS, INC., | No. C-11-2259 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |
| DOES 1-12, | |
| Defendants. _____/ | **(Docket No. 6)** |

       The Court has reviewed Plaintiff's *ex parte* application for leave to take expedited discovery. Good cause appearing therefor and for the reasons cited in Plaintiff's application, said application is **GRANTED**. *See UMG Recordings v. Does 1-4*, 64 Fed. R. Serv. 3d 305 (N.D. Cal. 2006). Plaintiff is hereby authorized to serve Rule 45 subpoenas and a copy of this order upon each and every Internet Service Provider ("ISP") identified in Exhibit A attached to the complaint. The information sought shall be limited to information sufficient to identify each Defendant based on supplied IP address, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address.

       Each ISP so served shall, in turn, serve a copy of the subpoena and a copy of this order upon the subscriber (whose identity is sought through the subpoena and for whom Plaintiff has provided an IP address) within ten (10) days of the ISP's receipt of the subpoena. The subscribers shall then have 30 days from the date of service upon them to file any objections with this Court. If that 30-day period elapses without any subscriber filing an objection or a motion to quash, the ISP served with the subpoena shall have ten (10) days after said lapse to produce each subscriber's name,

address, telephone number, e-mail address, and Media Access Control addresses to Plaintiff pursuant to the subpoena.

The Court further orders that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of prosecuting this litigation. Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena. If any entity subpoenaed pursuant to this order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be thirty (30) days from the date of service. It is ordered that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

This order disposes of Docket No. 6.

IT IS SO ORDERED.

Dated: May 18, 2011

_____
EDWARD M. CHEN
United States District Judge

2