Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CP PRODUCTIONS, INC., ) | No. C-11-02259 EMC |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S MOTION FOR** |
| v. ) | **ADMINISTRATIVE RELIEF FOR LEAVE** |
| ) | **TO CONTINUE INITIAL CASE** |
| DOES 1-12, ) | **MANAGEMENT CONFERENCE** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**

Plaintiff CP Productions, Inc., by and through its undersigned counsel, and pursuant to Northern District of California Local Rules (hereinafter "L.R.") 7-11, hereby moves this Court for administrative relief for an order continuing the initial case management conference for good cause. At this point in the litigation, Plaintiff has issued Court-authorized subpoenas to Internet Service Providers (hereinafter "ISPs") to identify, and later serve, the Doe Defendants in this suit. As of now, the ISPs are still in the process of gathering the information requested in the subpoenas, and have not provided Plaintiff with any definitive time table within which that identifying information will be obtained, and/or turned over to Plaintiff.

For reasons more fully explained below, and in the Exhibit A attached hereto, "Declaration of Brett L. Gibbs in Support of Application for a Continuance" (hereinafter "Gibbs Decl."), Plaintiff respectfully requests that this Court continue the Initial Case Management Conference (hereinafter "ICMC") to **Friday, November 11, 2011, at 9:00 a.m. on the 17th Floor in Courtroom 5 of the San Francisco Federal Court**[1], or to a later date that is in accordance with this Court's schedule. This continuance should allow the ISPs to gather and distribute to Plaintiff the information required by the subpoenas, and would also likely allow Plaintiff to evaluate whether each Doe Defendant should be named – and therefore served – in this suit.

## BACKGROUND

On May 6, 2011, Plaintiff filed this lawsuit alleging copyright infringement and conspiracy against Doe Defendants (DKT#1). The Clerk's Office scheduled the ICMC for Wednesday, August 17, 2011 (DKT#3). The deadline to "meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan," and submit ADR documents, was set for Wednesday, July 27, 2011 (*Id.*). On May 10, 2011, Plaintiff filed its *Ex Parte* Application For Expedited Discovery (DKT#6) with supporting exhibits.

On May 18, 2011, this Court granted Plaintiff's *Ex Parte* Application (DKT#8), which allowed Plaintiff to issue the subpoenas necessary to identify Doe Defendants. The Court's Order also provided a time schedule for all ISPs to provide such information, and allowed for any Doe Defendant to file a motion to quash a subpoena issued to an ISP. Following the Court's May 18, 2011 Order (DKT#8), the subpoenas were served on the ISPs (*See* Gibbs Decl. ¶ 2).

//

//

---

[1] This date also coordinates scheduling with an additional ICMC before this Court in an separate case filed by Plaintiff's attorney in Case No. C-11-01495.

## DISCUSSION

Given the circumstances, Plaintiff has one cogent good-cause reason for requesting a continuation of the ICMC: Plaintiff is unable identify Doe Defendants at this juncture. This is because the ISPs are still taking their time getting back to Plaintiff with the subpoenaed information. Without the identities of the Doe Defendants, and therefore without the Defendants at the upcoming hearing, the ICMC is a waste of Plaintiff's and the Court's time and resources.

L.R. 16-2(d), entitled, "Relief from Case Management Schedule," reads, in part, as follows:

> By serving and filing a motion with the assigned judge pursuant to Civil L.R. 7, a party, … may seek relief from an obligation imposed by FRCivP 16 or 26 or the *Order Setting Initial Case Management Conference*. The motion must:
> (1) Describe the *circumstances which support the request*;
> (2) Affirm that counsel for the moving party has conferred with all other counsel to reach agreement about the matter and, for each other *party*, report whether that party supports or opposes the request for relief;
> (3) Be accompanied by proposed revised case management schedule…

(emphasis added).

At this point, all of the ISPs in this case – i.e. Verizon Online, Charter Communication, Road Runner, Comcast Cable Communications, Roseville Telephone Company, and AT&T Internet Services – have, on information and belief, have successfully (1) sent out letters to the relevant subscribers notifying them of this lawsuit, (2) providing them with a copy of the Court's May 18 Order, and (3) briefly informing them of their related due process rights. However, at this juncture, no ISP delivered any subscriber information to Plaintiff as required by the subpoenas (Exh. A to Complaint, DKT#1 at 13; Gibbs Decl. ¶ 3). Plaintiff is patiently waiting for the ISPs to release the information, but has no power to force their collective hands beyond the subpoenas. From past dealings with the ISPs, these names will start trickling into Plaintiff's attorney once the information has been gathered, the subscribers have been notified, and all of the time periods have amply cleared (Gibbs Decl. ¶ 4). Plaintiff, by and through its attorneys, is working with the ISPs to make this

process as efficient and problem-free as possible (Gibbs Decl. ¶ 5). Depending on the ISP, and its willingness to cooperate, the identifying process will likely take anywhere from two to four more weeks from this point (Gibbs Decl. ¶ 6). Should Plaintiff, or its attorneys, run into any major, and unjustified, resistance or delays, Plaintiff, by and through its attorneys, will notify the Court (Gibbs Decl. ¶ 7).

Put plainly, the line items listed on the Court's Order Setting Initial Case Management Conference and ADR Deadlines (DKT#3) are not feasible at this time. Were the ICMC to be held on that date, Plaintiff would be meeting, alternatively disputing, and conferencing with itself. This would be a waste of Plaintiff's and the Court's valuable time and resources.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court continue the ICMC from Wednesday, August 17, 2011, to **Friday, November 11, 2011, at 9:00 a.m. on the 17th Floor in Courtroom 5 of the San Francisco Federal Court**, or to a later date that is in accordance with this Court's schedule.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: July 25, 2011**

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

(No Identifying Information Provided)

                                                                      /s/ Brett L. Gibbs
                                                                         Brett L. Gibbs, Esq.